# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ASHLEE E. TRADER ) | CASE NO. |
| 780 E. Debby Lane ) | |
| Ontario, Ohio 44906 ) | JUDGE |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **COMPLAINT FOR DAMAGES** |
| ) | |
| J.J. KELLER AND ASSOCIATES, INC. ) | **Jury Demand Endorsed** |
| c/o Dana S. Gilman, Registered Agent ) | |
| 3003 Breezewood Lane ) | |
| Neenah, WI 54956 ) | |
| ) | |
| Defendant. ) | |

Plaintiff, Ashlee E. Trader, by and through undersigned counsel, as her Complaint against Defendant, states and avers the following:

## INTRODUCTION

1. Trader brings this action against Defendant J.J. Keller & Associates because she was discriminated against because of her pregnancy seeking all available relief for violations of Title VII of the Civil Rights Act of 1964, as amended, the Pregnancy Discrimination Act, Title I of the Americans with Disabilities Act of 1990, as amended and Ohio's anti-discrimination statute R.C. 4112.01 et seq. The following allegations are based upon information and belief, or personal knowledge as to Traders' own conduct and the conduct of others.

## PARTIES

2. Trader is a resident of the City of Ontario, Richland County, Ohio.

3. J.J. Keller & Associates, Inc. is a Wisconsin corporation doing business in Ohio with its principle place of business located in 3003 Breezewood Lane, Neenah, WI 54956.

4. J.J. Keller & Associates, Inc. employs more than 15 employees.

## JURISDICTION

5. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1331, 1343 (4), 2201 and 2202; Title VII; and the principles of pendent jurisdiction. Jurisdiction to grant relief is invoked pursuant to 42 U.S.C. 2000e-5(f) and (g) and 29 U.S.C. 626(c). The amount in controversy exceeds $75,000.

## ADMINISTRATIVE PROCEEDINGS

6. On or about January 21, 2020, Plaintiff filed a timely complaint alleging sex/pregnancy discrimination and disability discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") in a dual filed charge with the State of Ohio.

7. On or about October 12, 2020 Plaintiff received her right to sue letter from the EEOC which was mailed on October 7, 2020.

## FACTS

8. Plaintiff Ashlee E. Trader is a female citizen of the United States.

9. Plaintiff alleges that the Defendant discriminated against Trader because of her gender, pregnancy and disability.

10. Trader began her employment with J.J. Keller & Associates on or about April 29, 2019 as an Account Representative.

11. In June 2019, Trader began making sales calls to customers and was given a "Diamond" gift card because of how well she did since her hire.

12. In July 2019, Trader told her supervisor that she was pregnant. After Trader disclosed her pregnancy to her supervisor, the supervisor began treating Trader differently than the other Account Representatives on the team.

13. After disclosing the pregnancy to her supervisor, Trader was given new and more difficult goals to hit, which were different from the other Account Representatives. Trader's supervisor also got upset with Trader for taking time off for medical appointments and rescheduling calls with her mentor.

14. In August 2019, Trader informed her supervisor that her pregnancy had become "high risk". At the same time, Trader's supervisor intensified the differential treatment towards Trader. Despite the disparate treatment, Trader finished 5th out of 20 Account Representatives in the Cloud sales category.

15. In September 2019, Trader's supervisor took sales away from Trader in another example of differential treatment compared to other Account Representatives. Despite the ongoing discrimination, Trader finished the month in 6th place out of 20 Account Representatives in the Cloud services category.

16. In October 2019, Trader's supervisor set different goals for Trader compared to the other Account Representatives. Despite these different goals, Trader was in the top 5 out of 20 on a contest for the month and she finished 8th on her team out of 20.

17. At the end of October, Trader's physician restricted Trader from work due to the high risk nature of her pregnancy.

18. On or about October 29, 2019, Trader went on short term disability with two days left in the month of October.

19. On November 1, 2019, J.J. Keller & Associates terminated Trader's employment.

## Count I – Title VII Sex/Pregnancy Discrimination

(Federal)

20. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 19, inclusive, as if fully set forth herein.

21. Title VII of the Civil Rights Act of 1964 (Title VII") prohibits discrimination against an employee because of pregnancy which is a form of sex discrimination.

22. Defendant discriminated against Plaintiff because of her pregnancy and sex by, inter alia, terminating Plaintiff's employment because she was pregnant.

23. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered special damages in the form of lost earnings, benefits, and /or out-of-pocket expenses in an amount according to proof at the time of trial. As a further direct and proximate result of Defendant's conduct, Plaintiff will suffer additional special damages in the form of lost future earnings, benefits, and/or other prospective damages in an amount according to proof at the time of trial.

24. As a further direct and proximate result of Defendant's conduct, Plaintiff has suffered mental and emotional pain, distress and discomfort, all to her detriment and damage in amounts not fully ascertained but within the jurisdiction of this court and subject to proof at the time of trial.

25. In engaging in the conduct alleged herein, Defendant acted oppressively, maliciously, fraudulently, and /or outrageously toward Plaintiff, with conscious disregard for her known rights and with the intention of cause, and/or willfully disregarding the probability of cause, unjust and cruel hardship to Plaintiff. In so acting, Defendant intended to and did vex, injure and annoy Plaintiff. Therefore, an assessment of punitive damages should be made against Defendant in an amount sufficient to punish them and to prevent them from willfully engaging in future unlawful conduct.

26. Plaintiff is entitled to costs and reasonable attorneys' fees pursuant to 42 U.S.C. 2000e-5(k).

**Count Two – Sex/Pregnancy Discrimination**

(State)

27. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 26, inclusive, as if fully set forth herein.

28. Trader was pregnant at the time she suffered an adverse employment action by Defendant.

29. Trader was pregnant at the time she was terminated by Defendant.

30. Defendant treated Trader differently than other similarly situated employees based on her pregnancy.

31. R.C. 4112.01(B) provides in part that "For the purposes of divisions (A) and (F) of section 4112.02 of the Revised Code, the terms "because of sex" and "on the basis of sex" include, but are not limited to, because of or on the basis of pregnancy, any illness arising out of and occurring during the course of a pregnancy, childbirth, or related conditions."

32. R.C. 4112.01(B) further provides that "Women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work, and nothing in division (B) of section 4117.17 of the Revised Code shall be interpreted to permit otherwise."

33. Defendant violated R.C. 4112.01 et seq. by discriminating against Trader based on her pregnancy.

34. Defendant violated R.C. 4112.01 et seq. by terminating Trader based on her pregnancy.

35. As a direct and proximate cause of Defendant's conduct, Trader suffered and will continue to suffer damages.

### Count Three – Title I of the Americans with Disabilities Act of 1990

36. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 35, inclusive, as if fully set forth herein.

37. Plaintiff's high risk pregnancy substantially limited one or more major life activities

38. Plaintiff was qualified for the position of Account Representative since she satisfied the skill, experience, education and other job related requirements for the position;

39. Plaintiff can perform the essential functions of the position of Account Representative with reasonable accommodation; and

40. Plaintiff's disability was a motivating factor in the defendant's decision to terminate her employment.

41. Defendant knew an accommodation was necessary;

42. Defendant failed to make reasonable accommodation to Plaintiff.

43. Defendant discriminated against Plaintiff based on a disability in violation of Title I of the Americans with Disabilities Act of 1990, as amended.

### Count IV – Ohio R.C. 4112 Disability Discrimination

44. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 43, inclusive, as if fully set forth herein.

45. Defendant knew of Plaintiff's disabling high risk pregnancy.

46. Plaintiff could perform the essential functions of her job as an Account Representative with a reasonable accommodation.

47. Defendant failed to interact with and provide a reasonable accommodation to Plaintiff.

48. Defendant terminated Plaintiff because of her disability, or based on her record of having a disability, in violation of R.C. 4112.02(A).

49. Defendant's violations caused Plaintiff to suffer economic and compensatory damages, and has experienced pain and suffering as a result of the discriminatory practices she endured while employed by Defendant.

### Count V – Wrongful Termination under R.C. 4112.99

50. Plaintiff re-alleges the prior paragraphs 1 through 49 as if fully set forth below.

51. Plaintiff states her claim for relief under R.C. 4112.99 is commenced within two years of the discrimination and adverse action she endured while employed by Defendant.

52. Plaintiff alleges Defendant discriminated against her in violation of R.C. 4112. Et seq. and wrongfully terminated her.

53. As a result of the violations of R.C. 4112 et seq. and the wrongful termination by Defendant against Plaintiff, Plaintiff is entitled to damages, injunctive relief, and any other relief this Court finds appropriate.

### **Demand For Relief**

Wherefore, Trader demands from J.J. Keller & Associates the following with regard to all counts:

(a) Issue an order requiring J.J. Keller to restore Trader to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(b) An award against Defendant of compensatory and monetary damages to compensate Trader for lost wages, emotional distress and other consequential damages, in an amount in $1,000,000 to be proven at trial;

(c) An award of punitive damages against Defendant;

(d) An award of reasonable attorney's fees and non-taxable costs for Trader's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

/s/ *Victor T. DiMarco*
**JONATHAN A. GOOD (0065649)**
**VICTOR T. DIMARCO (0072133)**
JGood@westonhurd.com
VDiMarco@westonhurd.com
**WESTON HURD LLP**
1300 East 9th Street, Suite 1400
Cleveland, Ohio 44114
Telephone: (216) 687-3345
Facsimile: (216) 621-8369
**Attorney for Plaintiff**

## JURY DEMAND

Plaintiff, Ashlee E. Trader, demands a trial by jury by the maximum number of jurors permitted.

*/s/ Victor T. DiMarco*
**JONATHAN A. GOOD (0065649)**
JGood@westonhurd.com
**WESTON HURD LLP**